Dale M. Cendali
Joshua L. Simmons
Megan L. McKeown
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
megan.mckeown@kirkland.com

*Attorneys for Plaintiff Take-Two Interactive Software, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | Case No.  1:18-cv-2608 |
| Plaintiff, | ECF Case |
| - against - | |
| DAVID ZIPPERER, | |
| Defendant. | |

## COMPLAINT

Plaintiff Take-Two Interactive Software, Inc. ("Take-Two"), by and through its attorneys, Kirkland & Ellis LLP, for its Complaint, hereby alleges against Defendant David Zipperer ("Zipperer") as follows:

## NATURE OF THE ACTION

1.    This action seeks to recover damages that Take-Two has suffered and to prevent the irreparable harm that continues to threaten Take-Two as a result of Mr. Zipperer's willful infringement of Take-Two's valuable intellectual property rights in and to its world-famous video games and breach of Take-Two's End User License Agreement ("User Agreement").

Specifically, Mr. Zipperer created two computer programs that alter Take-Two's *Grand Theft Auto* video games: one is called Menyoo, and the other is called Absolute (the "Infringing Program(s)"). The Infringing Programs are cheating tools that allow users to perform unauthorized actions in Take-Two's *Grand Theft Auto V* ("GTAV") multiplayer feature *Grand Theft Auto Online*.

2.     In a deliberate attempt to profit from Take-Two's valuable intellectual property, Mr. Zipperer sells the Infringing Programs to users who can then alter Take-Two's video games. These alterations are intended to and do allow users to cheat while playing Take-Two's games, both to (a) create benefits for themselves within the game that they have not purchased or earned, or (b) to alter the games of other players in the same gaming session without authorization. As a result, the Infringing Programs disrupt the user experience that was designed by Take-Two resulting in further harm to Take-Two and its users.

3.     Mr. Zipperer is well aware that the Infringing Programs are unauthorized and infringe Take-Two's rights. In fact, Take-Two contacted Mr. Zipperer prior to bringing this lawsuit in an attempt to settle the parties' dispute without requiring judicial intervention. While Mr. Zipperer originally appeared cooperative and disabled access to the Menyoo program, it recently has come to Take-Two's attention that Mr. Zipperer distributed a new cheating program titled Absolute. Take-Two demanded on multiple occasions that Mr. Zipperer cease his willful and infringing conduct. Mr. Zipperer has refused to comply. Upon information and belief, Mr. Zipperer continues to infringe Take-Two's rights.

4.     In sum, Mr. Zipperer has engaged, and continues to engage, in a pattern and practice of knowingly, intentionally and willfully infringing Take-Two's copyrights. He is attempting to profit by violating Take-Two's rights and User Agreement. Moreover, despite

Take-Two's repeated requests that Mr. Zipperer cease his infringing activities, Mr. Zipperer has continued to misappropriate and profit from Take-Two's copyrighted content.

5.     Accordingly, due to Mr. Zipperer's blatant and willful infringement and refusal to cease and desist, Take-Two has no choice but to file this lawsuit seeking injunctive relief and damages that it has suffered as a result of Mr. Zipperer's direct and contributory copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, as well as for his breach of Take-Two's User Agreement, his tortious interference with Take-Two's contracts with other GTAV players, and his unfair competition with Take-Two.

## PARTIES

6.     Plaintiff Take-Two Interactive Software, Inc. is a Delaware corporation having its principal place of business in the State of New York and is qualified to do business and is doing business in the State of New York and in this judicial district.

7.     Defendant David Zipperer is an individual who, upon information and belief, resides in the State of Georgia.

## JURISDICTION AND VENUE

8.     This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and New York state law.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

9.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

**I.     Take-Two and Its Award-Winning Video Games**

10.     Take-Two is the developer and publisher of best-selling video games, including the *Red Dead, Max Payne*, and *Grand Theft Auto* series.  Take-Two's games are widely recognized as some of the most popular and innovative games available on the market, and Take-Two has earned numerous awards both in the United States and abroad as a result.

- 3 -

11.     Take-Two has invested vast resources, including time, effort, talent, creativity, and money, to produce its video games.  Its games have large followings of fans throughout the world, making Take-Two one of the world's most popular video game publishers.

12.     Take-Two owns the copyrights for each of its video games, including GTAV.

13.     GTAV been registered with the Copyright Office.

14.     Attached hereto as **Exhibit 1**, and incorporated herein by reference, is a true and correct copy of the Certificate of Registration issued by the Copyright Office for GTAV.  Exhibit 1 reflects the date upon which Take-Two applied for certificate of registration and, where applicable, the date on which the certificate was issued and the registration number assigned.

15.     GTAV is a video game that was the product of Take-Two's skills, resources, and creative energies.  It is of great value to Take-Two.

16.     Take-Two is, and at all times material herein was, the sole owner and proprietor of all right, title, and interest in and to the copyrights in GTAV.  The copyrights in GTAV are presently valid and subsisting and were valid and subsisting at all times affecting the matters complained of herein.

17.     To play Take-Two's video games, including GTAV, users must agree to the terms of Take-Two's User Agreement.  Among the terms provided in Take-Two's User Agreement, users are (1) "not to . . . prepare derivative works based on, or otherwise modify the Software, in whole or in part," (2) "not to  . . . restrict or inhibit any other user from using and enjoying any online features of the Software," and (3) "not to . . . cheat or utilize any unauthorized robot, spider, or other program in connection with any online features of the Software."

18.     The permission that Take-Two grants users to play GTAV is expressly conditioned on these terms.  As a result, if a user breaches these conditions, his use of Take-

Two's GTAV video game is no longer authorized, including the reproduction of the GTAV software in the user's computer or console.  In other words, continuing to play GTAV after breaching these provisions of Take-Two's User Agreement not only constitutes a breach of the User Agreement, but also copyright infringement.

## II.    Mr. Zipperer and the Infringing Programs

19.    Mr. Zipperer created the Infringing Programs, which are cheating and "griefing" tools for GTAV.  The Infringing Programs allow users to perform unauthorized actions, including without limitation affecting in-game content and abilities of themselves and other players.  In other words, Mr. Zipperer's creation and use of the Infringing Programs alters and creates derivative works based on GTAV, which are used to alter the game for the benefit of the user or to "grief" other players by altering their games without permission.

20.    As a result, Mr. Zipperer breached Take-Two's User Agreement conditions. Moreover, he has infringed Take-Two's copyrights in two ways: first by continuing to use GTAV after breaching those conditions, and second by creating an unauthorized derivative work based on GTAV.

21.    Mr. Zipperer knows that he did not have Take-Two's permission to create such a computer program.  Take-Two contacted Mr. Zipperer, demanding that he discontinue his participation in the Infringing Programs and similar cheating tools and services.

22.    Originally, Mr. Zipperer agreed to Take-Two's terms and appeared to be cooperating with Take-Two's investigation.  After a number of discussions regarding his participation and Mr. Zipperer providing certain documents to Take-Two, however, Mr. Zipperer broke off communications and began participating in the creation of additional Infringing Programs.

23.     Take-Two again contacted Mr. Zipperer and demanded that he cease his actions. Mr. Zipperer has not done so.

24.     Despite Take-Two's repeated efforts to resolve this dispute without court intervention, Mr. Zipperer has refused to cease his infringing actions and, upon information and belief, continues to use Take-Two's content in the manner described above.

### III.     The Harm to Take-Two

25.     As discussed above, Take-Two produces video games for which it receives revenue from video game sales and the purchases within the game.

26.     Mr. Zipperer's willful infringement robs Take-Two of these revenues.  The Infringing Programs (1) allow Mr. Zipperer to profit commercially without paying Take-Two anything, and (2) devalue and cause substantial harm to the value of GTAV.  Thus, Take-Two has been damaged by Mr. Zipperer's conduct in an amount to be determined according to proof, but at a minimum, $500,000.00.

27.     Moreover, upon information and belief, unless enjoined by this Court, Mr. Zipperer intends to continue to infringe upon Take-Two's copyrights and otherwise to profit from Take-Two's video games.

28.     Accordingly, Take-Two has suffered irreparable damages.  Take-Two has no adequate remedy at law to redress all of the injuries that Mr. Zipperer has caused and intends to cause by its conduct.  Take-Two will continue to suffer irreparable damage until Mr. Zipperer's actions alleged above are enjoined by this Court.

## CLAIMS FOR RELIEF

### COUNT I
**Direct Copyright Infringement (17 U.S.C. § 101 *et seq.*)**

29.     Take-Two repeats and realleges each and every allegation above as if fully set forth herein.

30.     GTAV is an original, creative work and copyrightable subject matter under the laws of the United States.

31.     Take-Two is the owner of valid copyrights in GTAV, and the Register of Copyrights has issued valid Certificates of Registration as indicated in Exhibit 1.

32.     Take-Two has complied in all respects with 17 U.S.C. §§ 101, *et seq.*, and has secured the exclusive rights and privileges in and to the copyrights in its video games and content.

33.     By his actions, alleged above, Mr. Zipperer has infringed and will continue to infringe Take-Two's copyrights in and relating to GTAV by, *inter alia*, using the Infringing Programs to create derivative works using GTAV without any authorization or other permission from Take-Two, as well as continuing to use GTAV having violated the conditions on such use.

34.     Mr. Zipperer's infringement of Take-Two's copyrights has been deliberate, willful and in utter disregard of Take-Two's rights.

35.     Upon information and belief, as a direct and proximate result of its wrongful conduct, Mr. Zipperer has obtained benefits, including, but not limited to, payments from users to which Mr. Zipperer is not entitled.

36.     As a direct and proximate result of Mr. Zipperer's wrongful conduct, Take-Two has been substantially and irreparably harmed in an amount not readily capable of determination. Unless restrained by this Court, Mr. Zipperer will cause further irreparable injury to Take-Two.

37.     Take-Two is entitled to injunctive relief enjoining Mr. Zipperer, and all persons acting in concert or participation with him, from engaging in any further infringement of Take-Two's copyrighted video games and content.

38.     Take-Two is further entitled to recover from Mr. Zipperer the damages, including attorney's fees and costs, it has sustained and will sustain, and any gains, profits and advantages obtained by Mr. Zipperer as a result of his acts of infringement as alleged above.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Take-Two, but is at a minimum $500,000.00 and will be established according to proof at trial.  Take-Two also is entitled to recover statutory damages for Mr. Zipperer's willful infringement of its copyrights.

## COUNT II
### Contributory Copyright Infringement (17 U.S.C. § 101 *et seq.*)

39.     Take-Two repeats and realleges each and every allegation above as if fully set forth herein.

40.     GTAV is an original, creative work and copyrightable subject matter under the laws of the United States.

41.     Take-Two is the owner of valid copyrights in GTAV, and the Register of Copyrights has issued valid Certificates of Registration as indicated in Exhibit 1.

42.     Take-Two has complied in all respects with 17 U.S.C. §§ 101, *et seq.*, and has secured the exclusive rights and privileges in and to the copyrights in its video games and content.

43.     By his actions, alleged above, Mr. Zipperer has provided copies, or portions thereof, of the Infringing Programs to third-parties.

- 8 -

44.     Those third-parties, through their use of the Infringing Programs, also infringe Take-Two's copyrights, *inter alia*, using the Infringing Programs to create derivative works of GTAV without any authorization or other permission from Take-Two, as well as continuing to use GTAV after violating the conditions on such use.

45.     Mr. Zipperer had knowledge of the infringement of these third-parties and, in fact, intentionally encouraged and induced such use.  Moreover, he materially contributed to the direct infringement by creating the Infringing Programs necessary for the infringement to occur.

46.     Mr. Zipperer's contributory infringement of Take-Two's copyrights has been deliberate, willful and in utter disregard of Take-Two's rights.

47.     Upon information and belief, as a direct and proximate result of its wrongful conduct, Mr. Zipperer has obtained benefits, including, but not limited to, payments from users to which Mr. Zipperer is not entitled.

48.     As a direct and proximate result of Mr. Zipperer's wrongful conduct, Take-Two has been substantially and irreparably harmed in an amount not readily capable of determination. Unless restrained by this Court, Mr. Zipperer will cause further irreparable injury to Take-Two.

49.     Take-Two is entitled to injunctive relief enjoining Mr. Zipperer, and all persons acting in concert or participation with him, from contributing to any further infringement of Take-Two's copyrighted video games and content.

50.     Take-Two is further entitled to recover from Mr. Zipperer the damages, including attorney's fees and costs, it has sustained and will sustain, and any gains, profits and advantages obtained as a result of the acts of contributory infringement as alleged above.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Take-Two,

and will be established according to proof at trial.  Take-Two also is entitled to recover statutory

damages for Mr. Zipperer's willful contributory infringement of its copyrights.

### COUNT III
### Breach of Contract

51.     Take-Two repeats and realleges each and every allegation above as if fully set

forth herein.

52.     Take-Two's User Agreement is a valid and enforceable contract.  Among other

things, to play Take-Two's video games, users must affirmatively agree to abide by the User

Agreement.

53.     Take-Two has fully performed or tendered all performance required under the

User Agreement.

54.     Mr. Zipperer has breached his obligations under the User Agreement by

(1) altering GTAV and creating derivative works based on it; (2) restricting and inhibiting others

from using and enjoying GTAV; and (3) cheating and using unauthorized programs in

connection with GTAV's online features.

55.     Take-Two is entitled to recover compensatory and consequential damages

resulting from Mr. Zipperer's breach of the User Agreement.

### Count IV
### Tortious Interference with Contract

56.     Take-Two repeats and realleges each and every allegation above as if fully set

forth herein.

57.     As discussed above, Take-Two's users must affirmatively assent to Take-Two's

User Agreement before playing GTAV.  That agreement contains specific provisions that

prohibit, among other things, altering GTAV and cheating.

58.     Take-Two fulfilled all of its obligations pursuant to the User Agreement.

59.     As a GTAV user himself, Mr. Zipperer was aware of the User Agreement and its obligations on those that play GTAV.

60.     Despite agreeing to the User Agreement, Mr. Zipperer has induced, and continues to induce, other GTAV players to breach their contractual responsibilities by using the Infringing Programs for purposes expressly prohibited by the User Agreement.

61.     Mr. Zipperer's actions in inducing these breaches of contract were and are intentional, illegal, and have been engaged in for the specific purpose of inducing the GTAV players using the Infringing Programs to breach their agreements with Take-Two.

62.     As a proximate result of Mr. Zipperer's tortious interference with contract, Take-Two has been damaged, and Mr. Zipperer has been unjustly enriched, in an amount to be determined at trial.

**COUNT V**
**Unfair Competition**

63.     Take-Two repeats and realleges each and every allegation above as if fully set forth herein.

64.     As detailed above, Take-Two expends considerable time and expense in producing and distributing its video games.  Take-Two's content and its reputation have significant monetary value to Take-Two.

65.     Mr. Zipperer's Infringing Programs interfere with the proper operation of GTAV, as well as the gaming experience of those players that abide by Take-Two's User Agreement and do not use the Infringing Programs. By doing so, Mr. Zipperer take commercial advantage of GTAV and unfairly competes with Take-Two.

66.     Moreover, Mr. Zipperer has misappropriated Take-Two's labor and expendtures in bad faith.

67.     As a result, Mr. Zipperer gains a special advantage over Take-Two because Mr. Zipperer bears none of the expense of producing video games.  Upon information and belief, Mr. Zipperer has made, and continues to make, substantial profits as a direct result of his interference with GTAV.

68.     As a result of Mr. Zipperer's misappropriation, Take-Two has suffered significant commercial and monetary damages as well as injury to its reputation.

69.     Take-Two has no remedy at law that will adequately address all of the past and continuing harm it has and will suffer as a result of Mr. Zipperer's past and continuing conduct. As a direct and proximate result of Mr. Zipperer's conduct, Take-Two has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at time of trial.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff Take-Two respectfully requests judgment against Defendant Mr. Zipperer as follows:

A.     Find that Mr. Zipperer has infringed Take-Two's copyrights in GTAV directly and contributorily;

B.     Find a substantial likelihood that Mr. Zipperer will continue to infringe Take-Two's intellectual property unless enjoined from doing so;

C.     Find that Mr. Zipperer has breached the User Agreement;

D.     Find that Mr. Zipperer has tortiously interfered with Take-Two's contracts with its other GTAV players;

E.     Find that Mr. Zipperer has unfairly competed with Take-Two;

F.     Issue a preliminary and permanent injunction enjoining Mr. Zipperer and all persons, firms and corporations acting in concert with him, from directly or

indirectly infringing Take-Two's copyrights, including, but not limited to, (a) creating derivative works based upon any portion of Take-Two's video games, including GTAV; (b) producing or distributing any computer programs that alter Take-Two's games, including without limitation the Infringing Programs; and (c) from participating or assisting in any such activity;

G.    Order Mr. Zipperer to render a full and complete accounting to Take-Two for Mr. Zipperer's profits, gains, advantages or the value of the business opportunities received from the foregoing acts of infringement and breach;

H.    Enter judgment for Take-Two against Mr. Zipperer for all damages suffered by Take-Two and for any profits or gain by Mr. Zipperer attributable to infringement of Take-Two's intellectual property, breach of the User Agreement, tortious interference with contract, and unfair competition in amounts to be determined at trial;

I.    Enter judgment for Take-Two against Mr. Zipperer for statutory damages based upon Mr. Zipperer's willful acts of infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*;

J.    Award Take-Two costs and disbursement of this action, including reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505;

K.    Award Take-Two pre-judgment and post-judgment interest, to the fullest extent available, on the foregoing; and

L.    Grant such other, further and different relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Take-Two demands a trial by jury on all issues so triable in this action.

Dated:  New York, New York
        March 23, 2018

KIRKLAND & ELLIS LLP


_/s/ Dale M. Cendali_
Dale M. Cendali
Joshua L. Simmons
Megan L. McKeown
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
megan.mckeown@kirkland.com

Attorneys for Plaintiff
Take-Two Interactive Software, Inc.