UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAKE-TWO INTERACTIVE SOFTWARE, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>DAVID ZIPPERER,<br><br>        Defendant. | CASE NO.: 1:18-cv-02608-LLS<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS OR TO TRANSFER VENUE**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendant, DAVID ZIPPERER, by and through undersigned counsel, for his reply to the opposition filed by TAKE-TWO INTERACTIVE SOFTWARE, INC. ("Take-Two") at ECF 36, 37 and 38, and pursuant to Fed. R. Civ. P. Rules 12(b)(1), (2), (3) and (6), Zipperer states as follows:

## I. INTRODUCTION

Take-Two's Complaint was devoid of any allegations to support personal jurisdiction. Its opposition to the motion to dismiss for lack of jurisdiction attaches the declaration of David Andrews, a California Take-Two employee. (ECF 37, ¶ 13). However, the facts contained in Andrews' declaration are insufficient to meet Take-Two's burden. Moreover, they are rebutted in the Second Declaration of David Zipperer accompanying this reply.

There remains no personal jurisdiction in New York over Zipperer. Venue is also improper. Zipperer has met his burden to transfer venue to his home district, the Southern District of Georgia.

Take-Two's claim for copyright infringement fails. Take-Two's state law claims fail and are preempted by copyright law. For these reasons, and based upon argument to be made at a hearing on this motion requested by Zipperer, the Complaint should be dismissed.

## II. TAKE-TWO HAS NOT MET ITS BURDEN TO DEMONSTRATE PERSONAL JURISDICTION OVER DAVID ZIPPERER IN NEW YORK

Personal jurisdiction is Take-Two's burden to meet. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). Take-Two has not met its burden.

### a. Enforcement of the Fine Print Forum Selection Clause in Take-Two's User Agreement Would be Unreasonable or Unjust

Take-Two relies on the fine print forum selection clause in its user agreement as its primary basis for asserting personal jurisdiction over Zipperer in New York.

> Determining whether to dismiss a claim based on a forum selection clause involves a four-part analysis. The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are *required* to bring any dispute to the designated forum or simply *permitted* to do so. Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause.
>
> If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

*Phillips v. Audio* Active*, Ltd.,* 494 F.3d 378, 383-84 (2d Cir. 2007)(internal citations omitted).

Zipperer disputes that Take-Two has met steps one and four. As to *step one*, the fine print forum selection clause was not reasonably communicated to Zipperer. Take-Two has offered the testimony of Andrews that Zipperer agreed to a Take-Two user agreement, but Andrews fails to say what version or provide any evidence of Zipperer's assent, to what version of Take-Two's agreement Zipperer assented, and if that version contained a forum selection clause. Zipperer makes clear in his Second Declaration attached hereto that his agreement to some version of Take-Two's user agreement going back to 2013 when he first played GTAV was required and could not be refused, yet he never understood that his agreement to the

adhesive user agreement included a clause requiring him to defend himself from suit by Take-Two in New York. (Zipperer 2d Decl. ¶¶ 13-15).

As to *step four*, enforcement of the forum selection clause against Zipperer would be unreasonable and unjust at to Zipperer.  Zipperer has a ninth grade education, is unemployed, and when he was employed he was a manual laborer. (Zipperer 2d Decl. ¶¶ 2-3). Any money he earned from sales of the "Menyoo" cheat menu was used to support his family and he has no money left and so his legal representation is being provided *pro bono* because he cannot afford an attorney. (Zipperer 2d Decl. ¶ 31; ECF 28). Zipperer had no choice but to accept Take-Two's user agreement, and was not given the option to negotiate or opt-out of Take-Two's user agreement. (Zipperer 2d Decl. ¶ 15).  Zipperer never read the entire Take-Two user agreement, and what little he did read was difficult for him to understand. (Zipperer 2d Decl. ¶¶ 16-17). Zipperer was given no warning that when he played GTAV that he was agreeing to be sued in New York for creating a "cheat menu" for the game. (Zipperer 2d Decl. ¶ 17).

The manner in which the forum selection clause was buried in Take-Two's user agreement evidences overreaching. The forum selection is buried on page 6 of the agreement. (Zipperer 2d Decl. ¶ 19). The forum selection clause is in the same small type as the rest of the agreement. (Zipperer 2d Decl. ¶ 19).  The Take-Two website does not encourage users to examine the user agreement, nor does the Rockstar Games Social Club website. (Zipperer 2d Decl. ¶¶ 21-22).  Under the circumstances enforcement of the forum selection clause would be unreasonable and unjust.

  b. **Take-Two cannot meet it Burden to Show Jurisdiction under N.Y. C.P.L.R. § 302(a)(3)**

Take-Two next claims jurisdiction pursuant to pursuant to N.Y. C.P.L.R. § 302(a)(3).  To establish jurisdiction under this section Take-Two

must show that (1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce.

*Penguin Grp. (USA) Inc. v. Am. Buddha*, 16 N.Y.3d 295, 302 (N.Y. 2011).

Take-Two's opposition fails to note these requirements, nor can it make the required showing here.  For the reasons previously discussed in Zipperer's motion, this is really a breach of contract case, not a copyright infringement case, and so no tortious act was committed. Furthermore, the fourth prong – whether defendant expected his acts to have consequences in New York – is determined on an objective basis. *Kernan v. Kurz-Hastings, Inc*., 175 F.3d 236, 241 (2d Cir. 1999).  Objectively, there is no credible basis to determine that Zipperer's actions could have consequences in New York.

"New York courts require some discernible effort by the defendant to directly or indirectly serve the New York market." *Chatwal Hotels & Resorts LLC v. Dollywood Co*., 90 F. Supp. 3d 97, 107 (S.D.N.Y. 2015) (quoting *Parker Waichman Alonso LLP v. Orlando Firm, P.C*., 2010 U.S. Dist. LEXIS 47957, 2010 WL 1956871, at *10 (S.D.N.Y. May 14, 2010)). Zipperer never directed any of his activities towards New York, and Take-Two cannot show that he did.

Take-Two fails to satisfy the requirements of N.Y. C.P.L.R. § 302(a)(3). See also, *Touro Coll. v. Fondazione Touro Univ. Rome Onlus*, 2017 U.S. Dist. LEXIS 145453, at *29-34 (S.D.N.Y. Aug. 31, 2017)(analyzing the C.P.L.R. § 302(a)(3) factors and dismissing for lack of personal jurisdiction).

### III. TAKE-TWO CANNOT AVOID TRANSFER TO THE SOUTHERN DISTRICT OF GEORGIA

Take-Two's efforts to establish venue in Manhattan fail.  Take-Two ignores the facts. The facts are that Zipperer is in the Southern District of Georgia, and that the only witness Take-

Two has come forward with is located in California. (ECF 37, ¶ 13). There are no facts supporting venue alleged in the Complaint, and the facts shown in the affidavits submitted on the motion all point to transfer to Georgia.

### IV. THIS COURT LACKS SUBJECT MATTER JURISDICTION

The Complaint fails to allege acts of copyright infringement by Zipperer.  The Complaint alleges discrete acts, none of which are violations of its exclusive rights under 17 U.S.C. § 106. Take-Two alleges that "Zipperer's creation and use of the Infringing Programs alters and creates derivative works based on GTAV, which are used to alter the game for the benefit of the user or to "grief" other players by altering their games without permission." (ECF 1 ¶ 19).  Take-Two also claims "Zipperer breached Take-Two's User Agreement conditions. Moreover, he has infringed Take-Two's copyrights in two ways: first by continuing to use GTAV after breaching those conditions, and second by creating an unauthorized derivative work based on GTAV." (ECF 1 ¶ 20).

Take-Two claims that Zipperer's "Infringing Programs" are unauthorized "derivative works based on GTAV."  Take-Two describes the "Infringing Programs" as "cheating tools that allow users to perform unauthorized actions in Take-Two's Grand Theft Auto V ("GTAV") multiplayer feature Grand Theft Auto *Online*.  The online program is, of course, played *online on the internet*.  Yet the work at issue identified in the registration certificate attached to the complaint is "Grand Theft Auto V (for PC)" which, by definition, is a PC based (*not online version*) of the game.

Furthermore, the "Infringing Programs" are not derivative works.  "A 'derivative work' is a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or

adapted." 17 U.S.C. § 101.  The "Infringing Programs" are none of these things.  The "Infringing Programs" are not alleged to be translations, adaptations, or reproductions of GTAV.  Rather, the "Infringing Programs" are alleged to be "cheating tools" that work with GTAV.

Take-Two improperly refers to documents outside the four corners to make up for its Complaint's insufficiency.  (See ECF 36 at 24 fn. 7 referring to a declaration in support of Take-Two's Motion for Preliminary Injunction).  Take-Two cannot amend its complaint by reference to declarations filed in support of a motion for preliminary injunction in order to avoid dismissal.

## V. CONCLUSION

Zipperer reserves the right to make further legal arguments at a hearing on this motion which is requested.

Dated:  May 24, 2018

>  */s/Joel B. Rothman*
> JOEL B. ROTHMAN (JR0352)
> joel.rothman@sriplaw.com
>
> **SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP PLLC**
> 4651 N. Federal Hwy
> Boca Raton, FL 33431
> 561.404.4350 – Telephone
> 561.404.4353 – Facsimile
>
> *Counsel for Defendant David Zipperer*

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that on May 24, 2018, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

                                       */s/Joel B. Rothman*
                                       JOEL B. ROTHMAN

## SERVICE LIST

Ms. Dale Margaret Cendali
Mr. Joshua L. Simmons
Ms. Megan L. McKeown
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
megan.mckeown@kirkland.com

Attorneys for Take-Two Interactive Software, Inc.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL  33431