UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAKE-TWO INTERACTIVE SOFTWARE, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>DAVID ZIPPERER,<br><br>        Defendant. | CASE NO.:  1:18-cv-02608-LLS<br><br>**SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendant, DAVID ZIPPERER, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. Rules 65, and with leave of court as provided in ECF 34, files this sur-reply in further opposition to the Motion for Preliminary Injunction filed this case and states as follows:

## I. INTRODUCTION

Filed at ECF 39-1 is the Second Declaration of David Zipperer ("Zipperer 2d Decl.") which demonstrates that Take-Two cannot use the forum selection clause in its user agreement to establish personal jurisdiction over David Zipperer in New York.  Zipperer's Second Declaration also establishes that the injunction it seeks is mooted because Zipperer will have no further involvement in the "Absolute" "cheat menu."

## II. TAKE-TWO CANNOT ENFORCE THE FINE PRINT FORUM SELECTION CLAUSE IN ITS ADHESIVE USER AGREEMENT TO HAUL ZIPPERER INTO COURT IN NEW YORK

Take-Two's reply on the motion raised, for the first time, that it asserted personal jurisdiction over Zipperer based on the forum selection clause buried in small type of page 6 of the Grand Theft Auto V user agreement.  A forum selection clause is enforceable unless the party challenging it clearly demonstrates that it is invalid or that enforcement would be unreasonable and unjust. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n. 14

(1985)(noting that in order for forum selection provisions to be enforced consistent with due process they much be neither unreasonable nor unjust).  Here, enforcement of Take-Two's small print forum selection clause would be unreasonable and unjust as to Zipperer.

David Zipperer lives outside Savanah, Georgia.  He has a ninth grade education.  He has mainly worked in the past in manual labor.  He is currently unemployed.  He likes playing computer games like Grand Theft Auto V. (Zipperer 2d Decl. ¶¶ 2-3). Any money he earned from sales of the "Menyoo" cheat menu was used to support his family and he has no money left. (Zipperer 2d Decl. ¶ 31).  Zipperer's legal representation is being provided *pro bono* because he cannot afford an attorney. (ECF 28).

Zipperer had no choice but to accept Take-Two's user agreement, and was not given the option to negotiate or opt-out of Take-Two's user agreement. (Zipperer 2d Decl. ¶ 15).  Zipperer never read the entire Take-Two user agreement, and what little he did read was difficult for him to understand. (Zipperer 2d Decl. ¶¶ 16-17).  Zipperer was given no warning that when he played GTAV that he was agreeing to be sued in New York for creating a "cheat menu" for the game. (Zipperer 2d Decl. ¶ 17).

The manner in which the forum selection clause was buried in Take-Two's user agreement evidences overreaching. The forum selection is buried on page 6 of the agreement. (Zipperer 2d Decl. ¶ 19). The forum selection clause is in the same small type as the rest of the agreement. (Zipperer 2d Decl. ¶ 19).  The Take-Two website does not encourage users to examine the user agreement, nor does the Rockstar Games Social Club website. (Zipperer 2d Decl. ¶¶ 21-22).

Under the circumstances enforcement of the forum selection clause would be unreasonable and unjust. See *Phillips v. Audio Active, Ltd.,* 494 F.3d 378, 383-84 (2d Cir. 2007).

The Take-Two user agreement is a contract of adhesion. The fine print forum selection clause was not reasonably communicated to Zipperer. Zipperer's agreement to Take-Two's user agreement could not be refused, and he never understood that his agreement to the adhesive user agreement included a clause requiring him to defend himself from suit by Take-Two in New York. (Zipperer 2d Decl. ¶¶ 13-15). Take-Two cannot enforce material terms contained in hidden provisions of an electronic contract of adhesion such as the Take-Two user agreement under these circumstances against Zipperer. See *Berkson v. Gogo LLC*, 97 F. Supp. 3d 359 (E.D.N.Y. 2015)(Weinstein, J.)(discussing requirements for enforcement of adhesive internet user agreements).

Without personal jurisdiction, an injunction cannot issue. The motion should be denied.

    a.    **No injunction can issue where the Court lacks subject matter jurisdiction**

Take-Two's copyright infringement claims are, in reality, claims for breach of Take-Two's "User Agreement." The Complaint alleges discrete acts, none of which are violations of Take-Two's exclusive rights under 17 U.S.C. § 106. Take-Two alleges that "Zipperer's creation and use of the Infringing Programs alters and creates derivative works based on GTAV, which are used to alter the game for the benefit of the user or to "grief" other players by altering their games without permission." (ECF 1 ¶ 19). Take-Two also claims "Zipperer breached Take-Two's User Agreement conditions. Moreover, he has infringed Take-Two's copyrights in two ways: first by continuing to use GTAV after breaching those conditions, and second by creating an unauthorized derivative work based on GTAV." (ECF 1 ¶ 20).

Take-Two claims that Zipperer's "Infringing Programs" are unauthorized "derivative works based on GTAV." Take-Two describes the "Infringing Programs" as "cheating tools that allow users to perform unauthorized actions in Take-Two's Grand Theft Auto V ("GTAV") multiplayer feature Grand Theft Auto *Online*. The online program is, of course, played *online on*

*the internet*. Yet the work at issue identified in the registration certificate attached to the complaint is "Grand Theft Auto V (for PC)" which, by definition, is a PC based (*not online version*) of the game.

Furthermore, the "Infringing Programs" are not derivative works. "A 'derivative work' is a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101. The "Infringing Programs" are none of these things. The "Infringing Programs" are not alleged to be translations, adaptations, or reproductions of GTAV. Rather, the "Infringing Programs" are alleged to be "cheating tools" that work with GTAV.

The absence of any viable copyright infringement claim is fatal to Take-Two's motion to preliminary injunction. See *USAR Sys. v. Brain Works, Inc.*, 887 F. Supp. 84, 86 (S.D.N.Y. 1995)(where the plaintiff's copyright infringement claim was really a breach of contract claim it did not "arise under" the Copyright Act for purposes of 28 U.S.C. § 1338(a) therefore the plaintiff's motion for a preliminary injunction must be denied).

### III. THE OFFENDING CONDUCT HAS CEASED AND WILL NOT BE REPEATED THEREFORE THE PRELIMINARY INJUNCTION IS MOOT

Zipperer has affirmed that he has stopped work on both the "Absolute" and "Menyoo" cheat menus. Zipperer 2d Decl. ¶ 5). He has no control over "Absolute" and can do nothing in response to a preliminary injunction. Zipperer 2d Decl. ¶ 5). Therefore, the need for an injunction against him is moot.

### IV. CONCLUSION

For all these reasons, the motion for preliminary injunction should be denied.

Dated:  May 25, 2018

                                    */s/Joel B. Rothman*
                                    JOEL B. ROTHMAN (JR0352)
                                    joel.rothman@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP PLLC**
4651 N. Federal Hwy
Boca Raton, FL 33431
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Defendant David Zipperer*

### CERTIFICATE OF SERVICE

      The undersigned does hereby certify that on May 25, 2018, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

                                    */s/Joel B. Rothman*
                                    JOEL B. ROTHMAN

### SERVICE LIST

Ms. Dale Margaret Cendali
Mr. Joshua L. Simmons
Ms. Megan L. McKeown
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
megan.mckeown@kirkland.com

*Attorneys for Take-Two Interactive Software, Inc.*