

Joel B. Rothman
Board Certified in Intellectual Property Law

Direct: 561.404.4335
joel.rothman@sriplaw.com

August 22, 2018

**VIA CM/ECF**
Honorable Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

    Re:    **Take-Two Interactive Software, Inc. v. David Zipperer**
           **Case No.: 1:18-cv-02608-LLS**
           **Our File No.: 00420-0001**

Dear Judge Stanton,

We represent defendant David Zipperer in this case.  We write in response to Take-Two's Letter Motion seeking entry of a protective order to protect confidential documents in this case.

Protective orders are issued pursuant to Fed. R. Civ. P. Rule 26(c). Protective orders are not automatic, but rather require a showing of good cause from the movant for their issuance. Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…").

Take-Two proposes a "blanket" protective order. "Blanket" protective orders permit the parties to protect documents that they in good faith believe contain trade secrets or other confidential commercial information. *Bayer AG v. Barr Labs*., 162 F.R.D. 456, 465 (S.D.N.Y. 1995).  "[T]he parties' designation of documents as protected" under blanket protective orders "may need to be more carefully examined to prevent abuse." *Id*.

At the same time, parties who stipulated to a blanket protective order are generally held to their agreement and, where those parties (or even third parties) later seek modification, they are saddled with the burden of showing good cause for their requests. See *H.L. Hayden Co. v. Siemens Med. Sys., Inc.*, 106 F.R.D. 551, 556 (S.D.N.Y. 1985)(determining that a party who agreed to a blanket protective order "will not be

Schneider Rothman Intellectual Property Law Group, PLLC
4651 N Federal Hwy, Boca Raton, FL 33431   P: 561.404.4350   F: 561.404.4353   www.sriplaw.com

Honorable Louis L. Stanton
United States District Court
August 22, 2018
Page 2

heard [later] to complain that the order is unjustified."); *Kamyr AB v. Kamyr, Inc.*, 1992 U.S. Dist. LEXIS 16696, 91-C V-0453, 1992 WL 317529 at *8 (N.D.N.Y. Oct. 30, 1992) (requiring an intervenor who never agreed to the protective order to show good cause for modification).

The burden of showing that a given document is entitled to the protection of a protective order is, under the rules, on the party seeking that protection. Take-Two's proposed order flips that rule on its head. An order that places the burden on the party claiming protection to act in order to maintain that protection when challenged accords with the rules and is consistent with 26(c).

It would be inconsistent and contrary to 26(c) to require the party opposing protection to file a motion. That is a motion to compel under Rule 37. Requiring a party to move to compel the court to order a lower level of protection or removal of protection for a given document contradicts the Federal Rules and their purposes.

Attached hereto is a proposed revision to the protective order offered by Take-Two that assigns the burdens correctly and appropriately. The only difference between the attached and the order proposed by Take-Two is Section 11 on pages 13-14. Section 11(c) requires the party designating the information as confidential to move the court to maintain its designation if the parties' efforts to resolve their dispute fail.

We respectfully request the Court enter the enclosed protective order instead of the one proposed by Take-Two.

Respectfully submitted,

Joel B. Rothman
JR0352