# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022

Dale Cendali, P.C.
To Call Writer Directly:
(212) 446-4846
dale.cendali@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

August 22, 2018

**Via ECF**

Hon. Louis L. Stanton
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Take-Two Interactive Software, Inc. v. Zipperer*, No. 18 Civ. 2608 (LLS)

Dear Judge Stanton:

We represent Plaintiff Take-Two Interactive Software, Inc. ("Take-Two") in the above-referenced litigation.  On August 16, 2018, Take-Two wrote to the Court seeking the entry of a protective order and the resolution of one disputed provision in that order.  *See* Dkt. No. 42. Earlier today, Defendant David Zipperer ("Mr. Zipperer") responded to Take-Two's letter.  *See* Dkt. No. 44.

Mr. Zipperer's letter is remarkable for two reasons.  *First*, Mr. Zipperer does not dispute that a protective order is necessary or that good cause exists for entering a protective order in this case.  Indeed, Mr. Zipperer asks the Court to enter a nearly identical protective order.  *Second*, Mr. Zipperer does not dispute that Take-Two's proposed order follows Your Honor's standard procedure with regard to the sole disputed provision: when a party challenges a confidentiality designation and the parties are unable to resolve the dispute, the challenging Party raises the dispute with the Court in the first instance, and then the producing Party explains why the material is confidential.

Despite these tacit admissions, Mr. Zipperer nevertheless asks this Court to flip its usual practice on its head and require the producing Party to move the Court to protect its confidential information every time that the receiving Party disagrees with a confidentiality designation.  As discussed in Take-Two's original letter, Mr. Zipperer's proposal simply is not practical. Moreover, neither of Mr. Zipperer's supposed justifications for his proposed break with standard practice is meritorious.  *First*, contrary to Mr. Zipperer's assertion that a blanket protective order is extraordinary relief, his own cited case acknowledges that blanket protective orders are "essential to the functioning of civil discovery."  *Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995) (explaining that "blanket" protective orders that permit "the

# KIRKLAND & ELLIS LLP

Hon. Louis L. Stanton
August 22, 2018
Page 2

parties to protect documents that they believe contain trade secrets or other confidential information . . . are routinely agreed to by the parties and approved by the courts in commercial litigation").

 ***Second***, Mr. Zipperer argues that it "would be inconsistent and contrary to 26(c) to require the party opposing protection to file a motion" because it would be a "motion to compel under Rule 37." Federal Rules of Civil Procedure 26(c) and 37 are not inconsistent with Take-Two's proposed order. Rule 26(c) merely provides that "[a] party . . . from whom discovery is sought may move for a protective order in the court where the action is pending." That is precisely what Take-Two has done: it moved for a protective order when it submitted its proposed protective order with the Court. Rule 37 permits a party to move for an order compelling disclosure or discovery where another party "fail[s] to make disclosure or discovery." Under Take-Two's proposed protective order, Take-Two ***would*** make disclosures to Mr. Zipperer's counsel in accordance with the terms of the protective order. Contrary to what Mr. Zipperer suggests, a Rule 37 motion to compel would not be necessary unless and until Take-Two refused to produce the information.

 Accordingly, Take-Two respectfully requests that this Court resolve the dispute by entering the protective order enclosed with Take-Two's letter.

Sincerely,

Dale Cendali, P.C.

cc: Counsel of record (via ECF)