

**Joel B. Rothman**
*Board Certified in Intellectual Property Law*

Direct: 561.404.4335
joel.rothman@sriplaw.com

August 23, 2018

**VIA CM/ECF**
Honorable Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

Re:   Take-Two Interactive Software, Inc. v. David Zipperer
      Case No.: 1:18-cv-02608-LLS
      Our File No.: 00420-0001

Dear Judge Stanton,

We represent defendant David Zipperer in this case.  We write to request a thirty-day extension or stay of all deadlines in this case in order to permit Mr. Zipperer to either retain substitute counsel or appear on his own behalf *pro se*. Good cause exists for the reasons below.

The Court's denial of Mr. Zipperer's motions to dismiss or transfer force him to either settle with Take-Two or defend the case on the merits in New York.  As he represented in a sworn declaration filed in this case, and as Your Honor noted in the Order entered at ECF 43 (at 22, fn. 3), Mr. Zipperer has no money to pay a lawyer to defend this case and I have been representing him *pro bono* through a referral from EFF.org.

When I accepted this *pro bono* referral from EFF.org, I did so for a number of reasons including that my admission in both SDNY and the Southern District of Georgia would permit me to represent Mr. Zipperer in both courts upon transfer.  We believed the likelihood of transfer was high.  We also believed subject matter jurisdiction was lacking, and that it would be obvious to the Court that the plaintiff's derivative work copyright infringement claim was not viable in view of *Lewis Galoob Toys, Inc. v. Nintendo of America, Inc.*, 964 F.2d 965 (9th Cir. 1992).

We were wrong.  And, as a result, Mr. Zipperer must now engage in discovery with Take-Two and await summary judgment to press his arguments anew, or settle.

Schneider Rothman Intellectual Property Law Group, PLLC
4651 N Federal Hwy, Boca Raton, FL 33431   P: 561.404.4350   F: 561.404.4353   www.sriplaw.com

Honorable Louis L. Stanton
United States District Court
August 23, 2018
Page 2

As for settlement, Zipperer has offered to stipulate to convert Your Honor's preliminary injunction into a permanent injunction if the case is otherwise dismissed. Take-Two has refused and insists that Zipperer must pay it tens of thousands of dollars to compensate it for its legal fees expended.

My client has no money. He swore to this Court that the money he earned from selling "cheat menus" was used to support his family, that the money is gone, and that he has none left. (ECF 39-1 at 4). He is an unemployed day laborer with a ninth grade education who taught himself to write code. (*Id*.at 1-2). I have told this over and over to Take-Two's lawyers, but they continue to demand a pound of flesh from Zipperer.[1]

As for discovery, while the parties have only just begun to exchange paper requests and responses, it is already clear that Take-Two will mount a scorched earth approach to discovery of Mr. Zipperer, while simultaneously objecting in every conceivable way and resisting all discovery of Take-Two.[2] The strategy is clear: increase the costs and time commitment for Zipperer's defense to shake him free of the undersigned *pro bono* counsel.[3]

---

[1] Take-Two's market cap is $15 billion. It earned $900 million in profit on $1.8 billion in revenues last year. It clearly does not need Zipperer's money to pay its legal fees. Take-Two's fee claims are speculative in my view. Its demands are punitive, plain and simple.

[2] For example, on July 20, 2018, Take-Two served Zipperer with 167 fact intensive requests for admission improperly seeking his agreement to legal conclusions, hotly disputed factual issues, expressed in complicated defined terms, each of which must be parsed through to be answered. I estimate it will take me and my associate at least 20 hours just to draft the necessary objections to these requests. So I contacted Take-Two's counsel and asked for a two week extension to respond. They refused but offered *four days*.

[3] If there was ever any doubt of Take-Two's strategy, that doubt evaporated yesterday when Take-Two doubled down in its reply on the protective order issue. (ECF 45). Think of that issue this way: if Take-Two's proposed order is entered placing the burden on the challenging party to move the court to de-designate documents and it subsequently designates its software code as attorneys' eyes only -- documents that Zipperer would need to see to participate in his defense but which he would be barred from seeing unless Take-Two was ordered to remove those designations -- what incentive does Take-Two have to designate documents properly if the burden of drafting and filing and arguing motions to remove those designations is placed on Zipperer? None. In fact, overdesignation serves

Honorable Louis L. Stanton
United States District Court
August 23, 2018
Page 3

We are a three-lawyer firm with two lawyers in South Florida and one in Los Angeles. I do not have the resources to go up against Kirkland & Ellis in scorched-earth discovery in a *pro bono* case. I cannot afford the time and money to fly around the country taking the depositions of Take-Two employees. I cannot afford to pay out of my own pocket to create the record necessary to prevail on summary judgment and defeat Take-Two's claims. While I find the thought of Take-Two obtaining a judgment against my client (*pro se* or in default) that will haunt him for the rest of his life and destroy whatever future prospects he has abhorrent, I also cannot bankrupt myself or my firm for a *pro bono* client no matter how noble the principle.

I have informed David Zipperer that I must withdraw unless other attorneys can be found to assist in his defense or take over his case. He understands and agrees. However, in fairness, he should be given a reasonable chance to obtain other counsel if such counsel exists. A stay of thirty days, or an extension of pending deadlines for thirty days, will allow him that chance.

I have already spoken with several possible resources for representation and will continue to assist Mr. Zipperer in that regard. But if thirty days passes and no new counsel is found, I intend to file a motion to withdraw and request the Court to relieve me at that time.

I have attempted to meet and confer on these issues with Take-Two's counsel. I have called Dale Cendali, Esq. several times and left messages. I have sent emails. I have yet to receive a response.

Respectfully submitted,

Joel B. Rothman
JR0352

---

Take-Two's purposes of increasing expense and withholding discovery because not only does it prevent Zipperer from getting access to documents he needs to see to defend himself, it also forces Zipperer and his counsel to incur more costs and expend more resources to get access to those documents, far more expense than it causes Take-Two to protect them.