# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022

Dale Cendali, P.C.
To Call Writer Directly:
(212) 446-4846
dale.cendali@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

August 24, 2018

**Via ECF**

Hon. Louis L. Stanton
United States District Judge
500 Pearl Street
New York, NY 10007

Re:  *Take-Two Interactive Software, Inc. v. Zipperer*, No. 18 Civ. 2608 (LLS)

Dear Judge Stanton:

We represent Plaintiff Take-Two Interactive Software, Inc. ("Take-Two") in the above-referenced litigation.  We write in response to Defendant David Zipperer's ("Mr. Zipperer") August 23, 2018 letter requesting a thirty-day extension or stay of all deadlines (Dkt. 46).   For the reasons explained below, Take-Two opposes Mr. Zipperer's motion to stay, but is willing as a courtesy to not take any depositions of Mr. Zipperer for the next thirty days.  A complete stay of discovery in this case is unwarranted and would only serve to prejudice Take-Two.

### 1. Mr. Zipperer Should Not Be Permitted to Further Delay this Litigation to the Prejudice of Take-Two

Mr. Zipperer's request is unreasonable when it is put into the context of the overall dispute.  Mr. Zipperer has been stonewalling discovery from the beginning of the case.  Once discovery opened, Take-Two served Mr. Zipperer with reasonable and limited requests for production and interrogatories.  On the day that Mr. Zipperer's responses to those requests were due, Mr. Zipperer requested and was granted a two-week extension to respond.  Instead of using that time to provide appropriate responses, Mr. Zipperer served responses in which he refused to produce *any* documents and did not respond to *any* of Take-Two's interrogatories.

Take-Two also served Mr. Zipperer with targeted requests for admission to narrow the issues in this case.  Once again, on the eve of Mr. Zipperer's deadline to respond, Mr. Zipperer requested another two-week extension.  Given Mr. Zipperer's prior decision to serve deficient and improper responses after receiving a two-week extension, Take-Two this time agreed to a four-day extension to August 23, 2018.[1]  Mr. Zipperer *still* has not served those responses to Take-Two's requests for admission.

---

[1] In an effort to excuse his conduct, Mr. Zipperer incorrectly characterizes Take-Two's discovery strategy as "a scorched earth approach to discovery of Mr. Zipperer, while simultaneously objecting in every conceivable way and resisting all discovery of Take-Two."  That is far from the case, as Take-Two's discovery requests have

**KIRKLAND & ELLIS LLP**

Hon. Louis L. Stanton
August 24, 2018
Page 2

In contrast to Mr. Zipperer's delays and failure to meet deadlines, Take-Two timely responded to Mr. Zipperer's interrogatories, except those that were improper and premature under Local Rule 33.3.  If any party is "resisting all discovery," it is Mr. Zipperer, not Take-Two.

Take-Two has not received a single document from Mr. Zipperer, not a single substantive response to any interrogatory, and not a single response to Take-Two's requests for admission.  Mr. Zipperer should not be provided with yet another opportunity to stall this case through a thirty-day stay of all deadlines.  Such a stay only rewards Mr. Zipperer for dragging his feet and trying every which way to avoid disclosure of the essential information required in this litigation.

While we appreciate that Mr. Rothman is *pro bono* counsel, once a lawyer agrees to serve a client, that lawyer is obligated to do so.  Lawyers cannot pick and choose which parts of the case they will execute in a timely manner.  Mr. Rothman's claim, moreover, that the case is now more burdensome to him in light of the Court's denial of the motion to transfer rings hollow.

***First***, Mr. Rothman acknowledges in his application that he is located in Florida and that he was trying to get the case transferred to Georgia.  Even had Mr. Zipperer won his motion to transfer the case to Georgia, Mr. Rothman would have been dealing with a case venued in another state.  ***Second***, Mr. Rothman was not reasonable to assume that his transfer motion would be successful in light of the clear forum selection provision in Take-Two's End User License Agreement, which the Court relied on in reaching its decision last week (Dkt. 43).  ***Third***, Mr. Rothman is admitted to practice in the Southern District of New York; his appearance in this case is not *pro hac vice*.  Mr. Rothman should be able to proceed with the case at least to substantively respond to Take-Two's discovery requests, which are long overdue.

The production of documents and service of responses to Take-Two's interrogatories and requests for admission can be made electronically from anywhere – Georgia, Florida, or New York.  Having already been late in responding to Take-Two's discovery requests, Mr. Rothman should not be able to avoid his obligations and deprive Take-Two of already overdue discovery at this point.  While Mr. Rothman may now have buyer's remorse for taking on this case, his

---

been streamlined to seek only the identification of witnesses (through interrogatories), the production of relevant documents (through requests for production), and the narrowing of uncontestable factual issues (through requests for admission).

With regard to Take-Two's proposed protective order, which Mr. Rothman asserts is an effort to increase expense for Mr. Zipperer and withhold discovery (Dkt. 45), it is Mr. Zipperer, not Take-Two, who is the one adding expense to the case by insisting on a provision in the protective order that is completely at odds with this Court's established form of protective order.  As explained in Take-Two's opening letter (Dkt. 42), Mr. Zipperer's approach would increase motion practice, not decrease it.

**KIRKLAND & ELLIS LLP**

Hon. Louis L. Stanton
August 24, 2018
Page 3

decision to represent Mr. Zipperer *pro bono* should not come at the expense of prejudicing Take-Two's prosecution of this case.[2]

### 2. Mr. Zipperer Misrepresents His Financial Situation

Mr. Zipperer has repeatedly misled the Court regarding his financial situation. These falsehoods only serve to highlight the urgent need for discovery, so that additional assets are not dissipated or hidden. Through a subpoena on third-party PayPal, Take-Two has confirmed that Mr. Zipperer's profits exceed $100,000 and that Mr. Zipperer continued to receive payments for Absolute as recently as May 21, 2018. Mr. Zipperer clearly has significantly more resources than he has repeatedly represented to this Court. We believe that these PayPal records reflect only a small fraction of the proceeds Mr. Zipperer has received from his illegal businesses. In addition, Take-Two is concerned about Mr. Zipperer converting or hiding these assets. Mr. Zipperer's PayPal records indicate that at least some of the profits were spent on expensive electronic equipment and other personal purchases for himself. Mr. Zipperer should not be allowed to falsely plead poverty and delay this action any further.

There are many litigants who need legal services and who legitimately do not have the means to pay for them. Mr. Zipperer is not one of them. He is a man that has collected over a hundred thousand dollars by distributing an infringing work that harmed Take-Two and its customers who wanted to play Take-Two's game without being "griefed."

Mr. Zipperer has not only lied about his income and assets, he also lied about stopping his infringing conduct only to resume again. A willful infringer that knowingly moved forward with a second cheat program after being contacted by Take-Two, and who has spent thousands of dollars showering himself with expensive purchases using his ill-gotten gains, should not be rewarded for falsely claiming poverty. We believe Mr. Zipperer has resources to pay a lawyer, but if not, his existing *pro bono* lawyer should be required to proceed further in this case so the interests of justice are not thwarted.

\*   \*   \*

Accordingly, for the foregoing reasons, Take-Two respectfully requests that Your Honor deny Mr. Zipperer's motion to stay the deadlines in this case for thirty-days. As a courtesy, Take-Two is willing to refrain from taking Mr. Zipperer's deposition for the next thirty days.

---

[2] Mr. Zipperer's request should be denied for the additional reason that he failed to meet-and-confer with Take-Two prior to bringing his letter motion. While the letter claims that Mr. Zipperer's counsel, Mr. Rothman, attempted to meet and confer with Take-Two's counsel, the reality is that Take-Two was given three-and-a-half hours to consider Mr. Zipperer's request. Mr. Rothman sent me an e-mail at 11:02 a.m. inquiring for the first time whether Take-Two would oppose a motion to stay. While we were discussing the proposal with our client, and before we could respond, Mr. Rothman filed his letter at 2:27 p.m. In light of Mr. Zipperer's repeated attempts at delay, this type of sharp tactic followed by misrepresentations to the Court could not go unnoticed and militates against granting Mr. Zipperer's proposed stay.

**KIRKLAND & ELLIS LLP**

Hon. Louis L. Stanton
August 24, 2018
Page 4

                                                      Sincerely,

                                                      Dale Cendali, P.C.

Enclosure

cc:	Counsel of record (via ECF)