# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

---

Dale M. Cendali, P.C.
To Call Writer Directly:
+1 212 446 4846
dale.cendali@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

January 31, 2019

Hon. Louis L. Stanton                                                                                **Via ECF**
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Take-Two Interactive Software, Inc. v. Zipperer*, No. 18 Civ. 2608 (LLS)

Dear Judge Stanton:

      We represent Plaintiff Take-Two Interactive Software, Inc. ("Take-Two") in the above-referenced litigation. We write pursuant to Local Civil Rule 37.2 and Your Honor's Individual Rule 2.A. because discovery is near closing, and despite Take-Two's efforts, Take-Two has received (a) no substantive responses from Defendant David Zipperer ("Defendant") to any of Take-Two's First Set of Interrogatories, (b) only four responses to Take-Two's First Set of Requests for Admission (which Defendant, in any case, served belatedly thus waiving the ability to object), and (c) Defendant has refused to provide his availability for deposition. Take-Two thus respectfully requests that Your Honor (i) compel Defendant to respond substantively to Take-Two's interrogatories; (ii) deem Take-Two's requests for admission admitted, or in the alternative, compel Defendant to respond; and (iii) compel Defendant to provide his deposition availability.

## I.    INTERROGATORIES

      Take-Two served its First Set of Interrogatories (the "Interrogatories" and each an "Interrogatory") on June 28, 2018. After requesting a two-week extension of time to respond, Defendant served his objections and responses on August 14, 2018, but did not substantively answer *any* of them. Instead, Defendant served boilerplate and nonspecific objections, claiming that Take-Two's defined terms are "vague, overly broad, and fail[] to describe what is being asked for with reasonable particularity making it impossible for [Defendant] to respond." Ex. A. To be clear, Take-Two's Interrogatories are very straightforward, and only ask Defendant to identify people who possess certain knowledge as to subjects clearly within Defendant's knowledge, such as the development of the mod menus at issue in this case.[1] As Defendant's

---

[1]    Interrogatory No. 1 requests that Defendant "IDENTIFY all PERSONS with knowledge of the creation of the INFRINGING PROGRAMS, including without limitation conception, development, testing, launch,

## KIRKLAND & ELLIS LLP

Hon. Louis B. Stanton
January 31, 2019
Page 2

responses were wholly deficient, Take-Two wrote to Defendant on August 30, 2018 asking him to substantively respond. Ex. B. Take-Two and Defendant subsequently met and conferred telephonically regarding those and other discovery responses on September 14, 2018. At that time, Defendant agreed to provide Take-Two with a date by which he would supplement. To date, Defendant has not served any supplement, despite multiple requests that he do so. On January 23, 2019, Take-Two reminded Defendant a final time that he needed to supplement his responses to avoid this motion, but Defendant did not respond.

## II. REQUESTS FOR ADMISSION

Similarly, Take-Two served its First Set of Requests for Admission (the "Requests" and each a "Request") on July 20, 2018 to narrow the issues in the case. Defendant's responses were due on August 20, 2018. At Defendant's request, and as a courtesy, Take-Two agreed to extend the deadline for Defendant to respond to Take-Two's Requests to August 23, 2018. Defendant then unilaterally took an additional six days beyond the agreed upon extension, ultimately serving his responses to Take-Two's Requests on August 29, 2018. Because Defendant's responses were not served timely, Take-Two's Requests should be deemed admitted pursuant to Federal Rule 36(a)(3). *See e.g., S.E.C. v. Batterman*, No. 00 Civ. 4835, 2002 WL 31190171, at *7 (S.D.N.Y. Sept. 30, 2002).

Moreover, when Defendant served his responses, he answered only four Requests. *See* Ex. C.[2] For the remaining Requests, he claimed that he was "unable to respond because of the vagueness of the question" and claimed that Take-Two's defined terms were "overly broad and

---

distribution, use or copying of TAKE-TWO's SOURCE CODE to create the INFRINGING PROGRAMS." Interrogatory No. 2 requests Defendant to "IDENTIFY all PERSONS with knowledge of any access to GTAV for the purpose of creating the INFRINGING PROGRAMS." Interrogatory No. 3 requests that Defendant "IDENTIFY all PERSONS with knowledge of the creation of the INFRINGING PROGRAMS' websites at https://menyoo.org and https://absolutemenu.com, including without limitation conception, development, testing, launch, or distribution." Interrogatory No. 4 requests that Defendant "IDENTIFY each PERSON who authored (in whole or in part) the SOURCE CODE for the INFRINGING PROGRAMS, including without limitation the INFRINGING PROGRAMS' source code, injector code, authentication code, code designed to circumvent or suppress TAKE-TWO's anticheat measures, custom tools used to generate the INFRINGING PROGRAMS, and binary required to run the INFRINGING PROGRAMS." Interrogatory No. 5 requests that Defendant "IDENTIFY all PERSONS with knowledge of the revenues associated with the INFRINGING PROGRAMS, including without limitation profits and payments via PayPal, Stripe, bank wire, Amazon gift cards, eBay gift cards, Steam codes, or any other cash or non-cash payments." Interrogatory No. 6 requests that Defendant IDENTIFY all PERSONS with knowledge of any server(s) used in connection with the INFRINGING PROGRAMS, including without limitation the company providing server services and the account connected with the server."

[2] *See e.g.,* Def.'s Resp. to Request Nos. 1, 3.

## KIRKLAND & ELLIS LLP

Hon. Louis B. Stanton
January 31, 2019
Page 3

vague as defined."[3]  Defendant's refusal to respond is nonsensical.  For example, he refused to respond to certain Requests — such as Requests that asked him to admit that he created, sold, and wrote source code for the Menyoo and Absolute programs[4] — even though Defendant *already admitted* in declarations that he created Menyoo, that he did programming work for Absolute, and that he spent the money he earned from selling the menus.  *See* Dkt. 25, at ¶ 23; Dkt. 39-1, at ¶¶ 5, 31; *see also* Dkt. 46, at 2.  Moreover, Defendant clearly understands Take-Two's Requests as he later *adopted several of Take-Two's defined terms* and their definitions in his own First Set of Requests for Production, which Defendant served on November 30, 2018.[5]  Thus, Defendant's failure to respond to all but four of Take-Two's Requests is unreasonable.

Although Defendant's responses were late, Take-Two served a letter on September 7, 2018 asking him to admit or deny the remaining Requests to avoid Take-Two treating the Requests as admitted.  Ex. D.  Take-Two and Defendant met and conferred telephonically regarding those responses on September 14, 2018.  As he did with the Interrogatories, Defendant agreed to provide Take-Two with a date by which he would supplement his responses, but once again, Defendant never served any supplement.  Like the Interrogatories, when Take-Two reminded Defendant to supplement his responses on January 23, he did not respond.

### III.  DEPOSITION

Finally, Take-Two has been trying to get Defendant to provide his availability for deposition since January 8.  Defendant responded that he would provide Take-Two with his availability by the following week (*i.e.* the week of January 14), but that week came and went with no deposition date.  Take-Two reminded Defendant on January 23 to provide his deposition availability, but once again, Defendant never responded.

* * *

In view of the foregoing, Take-Two respectfully requests that Defendant be compelled to respond to Take-Two's Interrogatories and to provide his deposition availability.  Take-Two further requests that the Court deem Take-Two's Requests admitted, or in the alternative, that the Court compel Defendant to respond.

---

[3]  Def's Resp. to Request Nos. 4–23, 25–167.

[4]  Def's Resp. to Request Nos. 4–5, 6–7, and 10–11.

[5]  In particular, Defendant adopted Take-Two's definitions of (1) "INFRINGING PROGRAMS," (2) GTAV, (3) "SOURCE CODE," (4) "TAKE-TWO," and (5) "USER AGREEMENTS."

## KIRKLAND & ELLIS LLP

Hon. Louis B. Stanton
January 31, 2019
Page 4

Sincerely,

*Dale Cendali*

Dale Cendali, P.C.

cc:     Counsel of Record (via ECF)