

Joel B. Rothman
*Board Certified in Intellectual Property Law*

Direct: 561.404.4335
joel.rothman@sriplaw.com

February 4, 2019

**VIA ECF:**
Honorable Louis L. Stanton
United States District Court
500 Pearl Street, Courtroom 21C
New York, NY New York

Re:   Take-Two Interactive Software, Inc. v. Zipperer
      Case No. 1:18-cv-02608-LLS
      Our File No.:  00420-0001

Dear Judge Stanton,

We represent Defendant, David Zipperer ("Defendant") in the above captioned matter and write in response to Plaintiff's letter motion of January 31, 2019. As an initial matter, Defendant objects to the letter motion as non-compliant with Local Rule 37.2, for failing to first request a pre-motion conference. However, upon conference with Plaintiff's counsel, Plaintiff's counsel confirmed that the letter was meant as a request for a conference and was not meant to be Plaintiff's actual Motion to Compel.  Accordingly, Defendant does not object to the scheduling of an appropriate conference to discuss the issues raised in Plaintiff's letter motion.

Defendant has responded to the Interrogatories and Request for Admission (RFA) in this matter.  As noted, though the RFA response was allegedly six days late, Defendant had requested a 2-week extension to respond, a standard and reasonable request considering the high volume of RFAs and the several months remaining for the completion of fact discovery. Defendant unreasonably refused the request, and unilaterally decided to only extend the deadline by three days.  Defendant's response on August 29, 2018 crated no prejudice whatsoever to Plaintiff, and any request to strike Defendant's responses and objections to the RFA should be denied.

As to the objections, the objections were not simply boiler-plate, but referred to the exact terms at issue in the requests, and the basis for the respective objections. Repeatedly, the definitions and terms used by Plaintiff throughout its Interrogatories and Request for Admission (RFA) go far beyond the scope of knowledge of Defendant and are unduly broad and properly objected to for the reasons set forth in each objection.  Further, the bulk of the RFAs pertain to allegations based on contested legal conclusions in the matter and are not appropriate at this stage, and

1801 Century Park East    21301 Powerline Road    125 Maiden Lane    Main: 561.404.4350
Suite 1100                Suite 100               Suite 5C           Fax: 561.404.4353
Los Angeles, CA 90067     Boca Raton, FL 33433    New York, NY 10038 www.sriplaw.com

Honorable. Louis Stanton
Honorable Stanton
February 4, 2019
Page 2

were objected to accordingly. "Requests for admission involving the application of law to fact may create disputes between the parties which are best resolved in the presence of the judge after much or all of the other discovery has been completed." [*Notes of Advisory Committee on Rules—1970 Amendment to Federal Rule of Civil Procedure 36.*]

    Defendant maintains his proper objections to the overly broad requests. Additionally, Plaintiff has had months to review and revise its definitions, and instead has chosen to simply double-down.  Though, tellingly, Plaintiff has now served (last week) additional discovery requests and has modified several of the objected-to definitions to less ambiguous and loaded language.  However, several definitions remain problematic, such as the definition of "ZIPPERER" or "YOU" including "other persons…purporting to act on [Defendant's] behalf."  Including third parties who may be "purporting to act" on Defendant's behalf requires that Defendant responds on behalf of a category of third parties of which he rightfully has no knowledge or information.

    Finally, Defendant is open and willing to schedule an appropriate date and time for Mr. Zipperer's deposition.

    In short, Defendant is hopeful the parties can work out any remaining disputes and alleged deficiencies in its responses without the Court's intervention and will continue to work with Plaintiff towards such a goal. In the meantime, Defendant does not object to holding a court conference on the issues.

Sincerely,

**SRIPLAW**

/s/ Joseph A. Dunne
Joseph A. Dunne
Joel B. Rothman

JBR/JAD